# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

Kevin D. Roy_____, )
**PLAINTIFF**

*[Type or print your name on the line above]*

v.

Glen Ware, Et Al,_____, )
**DEFENDANT**

*[Type or print only the name of the first person you are suing. List everyone you are suing on page 2.]*

2012 JUN 22 PM 1:26

FILED

Cause No. 2!2-CV-101

*[Leave this blank, the clerk will supply the cause number when your case is received.]*

## COMPLAINT
## 42 U.S.C. § 1983

Jury Trial Demand

### I. PARTIES

A. PLAINTIFF *[You are the plaintiff in this lawsuit. Neatly print or type your information below.]*

1. Kevin_____ Douglas_____ Roy_____
   Name: First      Middle      Last

2. What is your address: 4923 Louisiana Ct.
   Gary, Ind. 46409

Phone number (219) 576-3317

B. DEFENDANT(S) How many defendants are you suing: ____ **9 OR MORE.**

[The defendants are the people you are suing. Print or type the defendant's name, job title, the state or local government agency the defendant works for, and the address of that government agency. Remember to include the defendant you named in the caption on page one. If you are suing more than one defendant, number them.]

(Revised May 2, 2006)

7). Lake County Prosecutor Office"/    2293 N. Main St.
8)."Lake County"/    Crown Point, Ind. 46307
9)."City of Gary"/    " " "    7,8
    401 Broadway
# Defendant's Name    Job Title/Government Agency    Gary, Ind. 46402
    Work Address

1. Glen Ware, Scrapper/Self-Employed,    1124 Durbin St.    1.
    Gary, Ind. 46404
2. Louis    , Manager/Paul's Auto Yard,    7100 W. 15th Ave.    2.
    Gary, Ind. 46406
3. James Nielsen, Detective/Gary Police Dept.,    555 Polk Street
    Gary, Ind. 46402
4. M. Birkett, Detective/Gary Police Dept.,    " " "    3-6
5. Wade Ingram, Chief of Police/Gary Police Dept.,    " " "
6. Gary Police Dept., Law Enforcement,    " " "

## II. CAUSE(S) OF ACTION WITH SUPPORTING FACTS

Write why you are suing each defendant. Write who, what , when , where, and how you believe
your rights were violated. It is **VERY IMPORTANT** that you use each defendant's name in
describing what happened to you. If you do not write what each defendant did, the court will not
know why you are suing and that defendant will be dismissed.

Explain what constitutional or federal law right, privilege or immunity each defendant violated. Do
not cite or quote cases or statutes. If you want to make legal arguments or citations, you must file
a separate memorandum of law. Do not attach it to this complaint.

Write a new paragraph for each violation. Name each defendant involved in that violation.

Number your paragraphs.
1. I, plaintiff, Kevin D. Roy, am suing "Glen Ware" and
his best friend "Louis" because :

   A). "Glen Ware" a (white male) was in conflict with
my nephew "Raymond" a (black male) over some (white female)
who loves to get high.

   B). "Glen Ware" was unaware that I, plaintiff, Kevin D. Roy
was in prison, and was recently released on 3-12-2010.

   C). Yet, in his (Glen Ware's) attempt to rid "Raymond"
(My Nephew), "Daryl", and myself (Kevin D. Roy) from this
young lady's life, he made the following statement
concerning the three (3) of us.

   D). On 5-5-2010, "Glen Ware" stated to det. James
Nielsen :

2

Cause(s) of Action with Supporting Facts (continued)

"I am a scrapper and buy scrap medal from people and sell it to Paul's yard on 15th near Cline. A man named Roy came by my house around the first of the year (January 1, 2010) and I (Glen Ware) bought some copper wire about ½ to 2 inches thick. I took it to Paul's and it was about 200 lbs and came out to about $640. They came back again at the end of February 2010 with about 100 feet of the same type of wire and it was still coiled up and had plastic still on it. I told them that if they take it to Paul's and strip it then they will get more money from it. This was the last (continue on page 3a)...

## III. PREVIOUS LAWSUITS

Have you ever sued anyone for the same things you wrote about in this complaint?
☐ NO  ☒ YES – [Print or type the following information about the case. Attach additional sheets if there is more than one prior case.]

Court: U.S. District Court/Northern Ind./Hammond Div.

Judge: Rudy Lozano    Docket Number: 2:11-CV-110

NOTE: Date filed: Mar. 27, 2011  Date closed: July 2011
I'm refiling against my public defender "Adam Tavitas" because "all" my charges were dropped which is more proof against him that I did not have at the time of my original filing on 3-27-11.

## IV. RELIEF

Write exactly what you want the court to do for you. This court cannot order that a defendant be fired, investigated, or criminally prosecuted.

I, plaintiff, Kevin D. Roy, am suing "Glen Ware" and "Louis" for $1.5-million punitive, $1.5-million compensatory damages each defendant. I'm suing det. James Nielsen #1464, and det. M. Birkett #1477 for $5-million punitive, and $3-million compensatory damages for each detective. I'm suing "Wade Ingram", the "Chief" of "Gary Police Dept." for $5-million punitive, and $5-million compensatory damages. I'm suing "Gary Police Dept." and the "City of Gary" for $20-million punitive, and $20-million compensatory damages, each defendant. I'm suing "Lake County" and "Lake County Prosecutor Office" for $30-million punitive, and $30-million compensatory damages, for each defendant.

3

# V. VERIFICATION AND SIGNATURE

## Initial Each Statement and Sign at the Bottom

*KDR* ......................................... clerk) for each defendant I am suing, including full name, job title and work address.

*KDR* I have included one properly completed process receipt and return form (USM-285) (available from the U.S. Marshal) for each defendant I am suing.

*KDR* In addition to this complaint with an original signature, I have included one copy of this complaint for each defendant and one extra for the court.

*KDR* I have included full payment of the filing fee **OR** attached a properly completed petition to proceed *in forma pauperis* (available from the clerk).
*KDR* I agree to promptly notify the clerk of any change of address.

*KDR* I have read all of the statements in this complaint. *[Do not forget to keep a copy for your records.]*

*KDR* I declare **under penalty of perjury** that the foregoing is true and correct.

Signed this **20th** day of ____JUNE____, 20 **12**.

_____
Your Signature

Mail all of these papers to the appropriate Clerk's office - see next page for addresses.

4

time that they came to me. I started to notice them at Paul's and started to wonder why they are there almost every three days with that much wire. I heard them say that they get some wire from a place called middle passage. It was about April when I heard some one at Paul's said this must be stolen. Someone who was standing around went to one of the guys I know as "Raymond" and told him Paul's think they are stealing the wire. That's when I heard "Raymond" say they're not afraid about getting caught because they have a security guard at Nipsco. She white marks the coils with a white tag and that is the ones they take. "Raymond" CALLED me (Glen Ware) by cell phone around March no latter than the 15th and wanted me to transport some wire to Paul's for him.

Q). Who are the individuals that are involved?

A). Raymond, Roy, and a bald guy who is involved. Roy is Raymond's uncle. I asked Roy why do you do all of this. Roy said Raymond just caught a drug case and I told him that scraping is better than selling drugs.

Q). What type of vehicle do they use to transport the scrap?

A). It looks like a 93 or 94 four door Mercury that is White. It looks like a Taurus, but it is a Mercury. It has Illinois plates. Raymond is always driving it.

Q). Do you know where they are getting the copper?

A). I overheard them talking at Paul's about where they

got it from and how they have a security guard on the inside.

Q). If you were asked these same questions on a later date and time, would your answers be the same?

A). Yes.

—— End of "Glen Ware's" Statement ——

E). "Glen Ware" and my nephew "Raymond" were scrapping buddies. That's why "Glen Ware" was able to state that "Raymond" called him around March 15th 2010. (See last sentence in "Glen Ware's" statement). They had each others cell phone number.

F). "Glen Ware" wanted investigators to think that he was simply trying to assist them in solving a burglary, or burglaries that allegedly occurred at Nipsco.

G). "Glen Ware" stated that a man named "Roy" came by his house around the first of the year (January 1, 2010) in order to sell him what suppose to be stolen copper.

H). Then he also states at the very beginning of his statement that, "we returned to his house around the end of Febuary 2010 with more allegedly stolen copper wire.

I). "Glen Ware" was unaware that I was incarcerated from 7-17-2007 to 3-12-2010.

J). So I, plaintiff, Kevin D. Roy, could not have possibly

been able to come by his house to sell him what suppose to be stolen copper around January 1st 2010 and then returning to sell him more stolen copper around the end of Febuary 2010.

K). So if "Glen Ware" starts his testimony off with false statements about me "Roy," how could one conclude that the statements that follow these false allegations are true.

L). He goes on to state that he began noticing us bring what suppose to be stolen copper to Paul's almost every three (3) days.

M). If we were stealing that much copper from Nipsco, and this is what they suspected, Paul, Louis, and Glen Ware could have easily helped police/detectives catch us red handed. They could have done any of the following:

1). They could have waited until we came in again with another load of stolen copper, immediately call the police, then stalled in paying us until the police arrived.

2). They could have set this allegedly stolen copper to the side, turned it over to police as evidence, and allowed Nipsco officials to view the material to see if in fact it is stolen property belonging to them.

3). Or, they could have taken pictures of us unloading this allegedly stolen copper (Perhaps with a camera equiped cell phone) out of whatever vehicle we suppose to allegedly be transporting it in. These camera photos could

have been printed out and handed over to investi-
gators as possible evidence.

N). If "Glen Ware", "Louis", or "Paul" had any suspi-
cions that we were stealing copper wire from Nip-
sco and selling it to "Paul", they surely did a very
poor job of assisting police/detectives

O). There's also no record of "Paul" making any
such statements concerning us bringing or sell-
him possibly stolen copper wire of which I'm sure
investigators questioned him.

P). The reason why they fail to act on any of
the allegedly numerous opportunities to help police/
detectives catch us red handed is because they never
occurred.

Q). Because "Glen Ware" knowingly and intentionally
made false malicious statements against me that
resulted in my being "arrested illegally" without an
warrant, and without "probable cause" to be arrested,
is what has caused him to be liable for violating my
4th Amendment, right to be free from "illegal searches" and
"illegal seizures," my 5th Amendment right to "due process,"
my 8th Amendment right to be free from "cruel and unusual
punishment," my 13th Amendment right to be free from
"slavery" and "involuntary servitude," and my 14th Amend-
ment right to "procedural due process" and "equal pro-
tection of law."

**2).** I, plaintiff, Kevin D. Roy, am suing "Louis", (Manager of Paul's Auto Yard) because:

A). The office building of which "Louis" worked is entirely separated by 100 feet of space from the garage where scrap medal is weighed for purchase.

B). Yet, he told police/detectives that he too heard the conversation of which "Glen Ware" stated that he allegedly over heard. But he wasn't able to provide investigators with an account of the conversation, he said he heard.

C). Even though "Louis" stated he overheard the same conversation, there's nothing in the record, nor did "Louis" make out any signed report, which would have given him a chance to prove to investigators that he heard what "Glen Ware" alleged that he overheard.

D). However, "Louis" also informed investigators that he would not testify because he wanted to keep knowledge of his cooperation confidential, and that he didn't want anything to do with the case.

E). Because "Louis" knowingly, intentionally, and maliciously made false statements in an attempt to help his friend "Glen Ware" have us arrested without a warrant, and without "probable cause" to be arrested. "Louis" was unable to make one single statement that would corroborate what "Glen Ware" said he overheard.

Therefore, "Louis" is liable also for violating my 4th Amendment right to be free from "illegal searches" and "illegal seizures", my 5th Amendment right to "due process", my 8th Amendment right to be free from "cruel and unusual

punishment," my 13th Amendment right to be free from "slavery" and "involuntary servitude," and my 14th Amendment right to "procedural due process" and "equal protection of law."

**3).** I, plaintiff, Kevin D. Roy, am suing detective "James Nielsen" and detective "M. Birkett" both of the "Gary Police Dept," because:

A). On, or about 5-5-2010, det. James Nielsen #1464 took a statement from "Glen Ware" in which he stated that a man named "Roy" (me, Kevin D. Roy, plaintiff) came by his house around the 1st of January 2010, and at the end of Febuary 2010 in order to sell him (Glen Ware) stolen copper wire. (See Glen Ware's statement in section #1)

B). Before "Glen Ware" made his statement, neither of these two detectives had any reason to suspect me of committing any criminal activity.

C). After "Glen Ware" made his statement, investigators immediately did a background check on me, the plaintiff, Kevin D. Roy, and discovered that I was in prison during both dates in which "Glen Ware" stated I came by his house to sell him stolen copper wire.

D). Knowing that "Glen Ware's" statements were not credible, investigators still use these false allegations against me, the plaintiff, Kevin D. Roy, and only me. No warrants were ever issued for "Daryl" or my nephew "Raymond" even though investigators had their full names and address.

detectives NEVER charged "Daryl" or my Nephew "Raymond." They NEVER EVEN bothered to file for AN ARREST WARRANT or ANYthing Against "Daryl" or "Raymond."

I). Once it was revealed by my hired attorney that I had been "illegally arrested" without AN AR-rest WARRANT, AND without "probable cause" to be Arrested, after I sat in "Lake County Jail" for 18-consecutive months for A crime I did Not commit, then State of Indiana concluded that there was No evidence that I committed any criminal acts, or of any violation of state or municiple law, All charges against me, the plaintiff, Kevin D. Roy, were dismissed with prejudice, AND I was order Released Instanter, without my case ever going to trial.

J). Based on det. "James Nielson" and det. "M. Birkett's" actions, they arrested me without AN arrest warrant, AND without "probable cause" to be arrest-ed, twenty-five (25) days after the alleged crime occurred, based on uncorroborated "hearsay" statements that they Knew were false, is what caused them both to become liable for violating my 4th Amendment right to be free from "illegal searches" AND "seizures," my 5th Amendment right to

"due process", my 8th Amendment right to be free from "cruel and unusual punishment" my 13th Amendment Right to be free from "slavery" and "involuntary servitude," and my 14th Amendment right to "procedural due process" and "equal protection of law." (Det. James Nielsen even went so far as to give himself more authority than a judge by drawing up two (2) "fictitious" search warrants, and he signed his very own signature were the judge is suppose to sign. He's done this on two (2) seperate occassions in my case alone, hoping that these "illegal search warrants" will help him uncover criminal evidence that will aid him in making a future arrest).

Det. M. Birkett is also being sued for bystander liability because he knew that as det. J. Nielsen was drawing up, or typing out the information to try an support their arrest of me, he knew det. Nielsen was using false information that would result in violations of my civil rights, and he stood by and done nothing.

4). I, plaintiff, Kevin D. Roy, am suing the "Chief of Police..." (Wade Ingram) because:

A). "Wade Ingram," as the "Chief of Gary Police Dept." is responsible for ensuring that his police/detectives not only complete all aspects of their training exercise, but he is also responsible for ensuring that his police/detectives were, or are" adequately trained" once they complete these training exercises, by having them perform written examinations concerning certain aspects that their official police duties will require them to adequately understand. Such as:

1). How to properly write out, submit, and execute "search" and "arrest" warrants.

2). When does an officer have "probable cause" to stop, search, or arrest.

3). When, where, how, and why should an officer apply for an "search" or "arrest"

4). Give sanerios concerning "probable cause" to see if officers fully understand when they should or shouldn't make an "search" or "arrest".

5). Instruct officers that it is part of their official duties to intervene when fellow officers infringe upon the civil rights of citizens or suspects. And if they fail or refuse to do so, they may face the same disciplinary actions.

B). "Wade Ingram" has been employed with the

"Gary Police Dept," for more than (20) years.

c). For years, he has had "constructive Knowledge" of the numerous amount of "official misconduct" reports filed against police/detectives of the "Gary Police Dept," and or the "City of Gary" that violated citizen/suspects civil rights.

D). "Wade Ingram" has not designed, established, or enacted any new "policies", procedures, or guidelines that will deter the "official misconduct" rate in the "Gary Police Dept," or to ensure that his police/detectives from this point on, is "adequately trained". Since he's been in office as "Chief of Police" he's done absolutely nothing.

E). Also, because of the extensive amount of time "Wade Ingram" has been employed with "Gary Police Dept," working side by side with fellow officers, he either Know, or by now should have Known that "Gary Police Dept," has developed a policy, custom, or practice where police/detectives go out and arrest citizen/suspects illegally without an "arrest warrant" and without "probable cause" to be arrested in their attempt to either gain a confession and or other information that will aid them in making a future arrest.

**F).** I, plaintiff, Kevin D. Roy, am one of the citizen/suspects who've experienced being "arrested" without an "arrest warrant" and without "probable cause" to be "arrested" for a crime I did not, and all charges were eventually dismissed.

**G).** Patricia A. Ballentine, is another citizen/suspect who was "arrested" without an "arrest warrant" and without "probable cause" to be "arrested" for a crime she did not commit, and all her charges were dropped.

**H).** Because "Wade Ingram" has "constructive knowledge" of the numerous amount of complaints that were, or are being filed against police/detectives for "official misconduct" over the years, his failure and or inability to establish or enact new policies, rules, guidelines, and or procedures to ensure that his police/detectives are "adequately trained" and his knowledge and failure to stop the "custom" or "practice" at the "Gary Police Dept." has caused "Wade Ingram" to acquiesce in his police/detective's violations of my civil rights.

**I).** Two (2) of "Wade Ingram's" police/detectives displayed "inadequate training" to such a degree

that Neither of them seem to accurately
Know whether or not they (Det. Nielsen and
Det. Birkett) had "probable cause" to arrest me,
Neither of them seem to accurately Know how
to write out an "search warrant" either.

J). There were two (2) "search warrants"
used in my case and both of them were ex-
tremely deficient in details concerning the
items to be "searched" for, and the name of
the individual to be "seized".

K). Also, Neither of the "search warrants"
had been signed by a judge, the detective
signed his own signature where the judge was
to sign his.

L). Because "Wade Ingram" (Chief of Gary Police
Dept.) Knew all of this, and has done absolutely
nothing since he became "Chief" in order to cor-
rect, change, deter, or reduce the actions of his
police/detectives which violate citizen/suspects
civil rights has cause "Chief Wade Ingram" to
become liable for acquiescing in his police/detec-
tives violations of my 4th Amendment Right to be
free from "illegal searches" and "illegal seizures", my 5th

Amendment right to "due process," my 8th Amendment right to be free from "cruel and unusual punishment," my 13th Amendment right to be free from "slavery" and "involuntary servitude," and my 14th Amendment right to "procedural due process" and "equal protection of law."

5). I, plaintiff, Kevin D. Roy, am suing the "City of Gary" and the "Gary Police Dept.," because:

A). The "City of Gary" has established the "Gary Police Dept.," which has developed and or establish a "policy," "custom," or "practice" where police/detectives of the "Gary Police Dept.," acting only on the basis of an "unsubstantiated" and or "uncorroborated" tip, those officers involved would go out and arrest their potential suspects without an "arrest warrant" and without "probable cause" to be arrested.

B). I, plaintiff, Kevin D. Roy, am one of the citizen/suspects who was arrested without an "arrest warrant" and without "probable cause" to be arrested, based on "uncorroborated hearsay." All charges were dismissed, which mean they took (18) months of my life for absolutely nothing.

C). Patricia A. Ballentine, was another citizen/suspect who was targeted, an arrested by "Gary's" police/detectives without an "Arrest Warrant" and without "probable cause" to be arrested. She to had been falsely charged based simply on "uncorroborated hearsay." All her charges were dropped as well.

D). Police/detectives of the "Gary Police Dept.," engage in this type of conduct in hope that they will get a confession, and or other information that will aid them in making a future arrest.

E). I'm also suing the "City of Gary" and the "Gary Police Dept.," because the "Chief" of "Gary Police Dept.," (Wade Ingram) who has "policymaking" authority, has done absolutely nothing to deter this type of "official misconduct" arising from his police/detectives since he's been in office.

F). "Wade Ingram" has been employed with the "Gary Police Dept.," for more than (20) years and due to the fact that he has worked side-by-side with some of these police/detectives he has to know that numerous police/detectives are engaging in this type of misconduct.

G). Mr. Ingram has not developed and or established any new policies, rules, guidelines, or procedures that will drastically reduce the official misconduct rate within his department.

H). Nor has "Chief Ingram" enacted any policies, rules, guidelines, procedures, or written exams to ensure that "all" of his police/detectives are "adequately trained" in all areas that their official duties require.

I). Based on these defendants actions, they are liable for acquiescing and or partially causing the violations of my 4th Amendment right to be free from "illegal searches" and "illegal seizures," my 5th Amendment right to "due process," my 8th Amendment right to be free from "cruel and unusual punishment," my 13th Amendment right to be free from "slavery" and "involuntary servitude," and my 14th Amendment right to "procedural due process" and "equal protection of Law."

6). I, plaintiff, Kevin D. Roy, am suing my public defender "Adam Tavitas" because:

A). "Adam Tavitas" conspired with pro-secuting attorney "Evelyn R. Scott" to help her secure my conviction by doing the following:

1). Mr. Tavitas continually tried to coerce and intimidate me into pleading guilty to a charge he knew that the state had no evi-dence I committed.

2). Mr. Tavitas, worked with the prose-cutor by concealing the fact that I had been arrested without an "arrest warrant" and without "probable cause" to be arrested, based strictly on uncorroborated "hearsay."

3). On 12-13-10, he refuse to reveal to the court that I had been in custody for (181) days, and that the state had fail to bring me to trial under the 180 trial rule which would have secured my release.

4). There was an enormous amount of mitigating/exculpatory evidence in my favor that would have exonerated me, "Adam Tavitas" refuse to present any of it.

5). He refuse to exploit the numerous in-consistencies within the prosecution's case.

6). Mr. Tavitas Refuse to reveal that the "search warrant" was illegal because it had been signed by the investigator himself.

7). He Refuse to file depositions, or subpeona witnesses in my behalf.

8). Mr. Tavitas was providing aid to the prosecutor to such a degree to where he would even go back to her and inform her "Evelyn R. Scott" about certain things we've dis-cussed.

9). Nor, would Mr. Tavitas file any "motions to suppress", "dismiss", or "challenge the Consti-tutionality of my arrest."

10). "Adam Tavitas" Refuse to subject the governments case to any type of meaning-ful adversarial litigation.

11). Because "Adam Tavitas would not defend me in any type of way, and because of his

conspiring with the prosecutor (Evelyn R. Scott), he wouldn't present a single piece of evidence in my favor. Therefore, "Adam Tavitas" representation towards me amounted to "No representation at all."

12). Because of "Adam Tavitas" actions, he's liable for acquiescing in the violation of my 4th Amendment right to be free from "illegal searches" and "illegal seizures", my 5th Amendment right to "due process", for directly and or intentionally violating my 6th Amendment "right to counsel", acquiescing in the violation of my 8th Amendment right to be free from "cruel and unusual punishment", my 13th Amendment right to be free from "slavery" and "involuntary servitude", and my 14th Amendment right to "procedural due process" and "equal protection of law."

7). I, plaintiff, Kevin D. Roy, am suing "Lake County," and "Lake County Prosecutor Office" because:

A). "Chief" prosecuting attorney "Bernard Carter" is the only executive who has "policymaking" and "final decisionmaking authority" for "Lake

County Prosecutor Office."

B). So, whenever "Bernard Carter" is acting in his official capacity as "Chief" prosecuting attorney for "Lake County Prosecutor Office", his decisions to prosecute can be attributed not only to the "Lake County Prosecutor Office", but they can be attributed to "Lake County" as well.

C). Therefore, "Bernard Carter", who has more than (30) years of legal experience at "Lake County Prosecutor Office" either knew, or should have known through the course of his investigation of the evidence, and audio/video recorded interrogation tapes, that I, plaintiff, Kevin D. Roy, had been arrested without an "arrest warrant."

D). "Mr. Carter", also either knew, or should have known that my arrest was based soley upon "uncorroborated hearsay," and that my arrest was unsupport by "probable cause," and that pursuing criminal charges against me, "Kevin D. Roy", would in fact, cause "Lake County", and "Lake County Prosecutor Office" to actually become co-conspirators in the violations of my Constitutional Rights.

E). Yet, on 6-17-2010 "Bernard Carter," chief prosecuting attorney for "Lake County Prosecutor Office", entered his appearance, after investigating the evidence in my case, and viewing the audio/video recorded statements of me denying any involvement in the burglaries that occurred at "Nipsco" and filed "information" and "probable cause" affidavit, charging me with "burglary" as a class "C" felony, and "Theft" as a class "D" felony.

F). Then, on 12-8-2011, after I've served about (18) months of incaration in "Lake County Jail," the very same "Chief" prosecuting attorney for "Lake County Prosecutor Office," (Bernard Carter), allowed one of his deputy prosecuting attorneys (Evelyn R. Scott), to enter her appearance in open court, and file an "Motion To Dismiss" all charges against me, the plaintiff, "Kevin D. Roy," without these charges ever going to trial.

G). Based on "Bernard Carter's" actions, he has caused "Lake County" and the "Lake County Prosecutor Office" to become liable, based on his very own "policymaking" and "final decisionmaking" authority, for violating and, or acquiescing in the violations of my 4th Amendment right to be free from "illegal searches" and "illegal seizures," my 5th Amendment Right to "due process," my 6th Amendment "right to counsel," my 8th Amendment right to be free from "cruel and unusual punishment," my 13th Amendment right to be free from "slavery" and "involuntary servitude," and my 14th Amendment Right to "procedural due process" and "equal protection of law."

## "In Conclusion"

All defendants mentioned herein are being sued in their "official" and "individual" capacity, except "Glen Ware" and "Louis" who's being sued in their "personal" and or "individual" capacity.

Also, all defendants mentioned in this law suit are directly, or indirectly involved in my "illegal arrest"

AND (18) months of "illegal incarceration" which resulted in the "wrongful death" of my father "James L. Roy Jr." because I was his sole provider in caring for all his household needs, cooking, cleaning, dressing him, taking him to his doctor appointments, etc...etc..., the "Intentional Infliction of Emotional Pain, distress, and duress, which resulted in "chronic" and or "permanent psychological disorders, mainly "Post-Traumatic Stress Disorder" and "Bi-polar", of which I was being treated with psychotrophic medications for both of these mental illnesses and will mostlikely continue to be treated for these the rest of my life.

## NOTICE

Det. James Nielsen #1464 and det. M. Birkett #1477 knowing, intentionally, and maliciously made statements that I confessed to the burglary that occurred on 5-20-2010, but they could not produce any signed statement of me confessing, nor were such statements recorded during their audio/video recorded interrogation. They were intentionally fabricated so as to add more weight to their "probable cause" affidavit.

Because both detectives (James Nielsen and M. Birkett) along with "Chief" prosecuting attorney "Bernard Carter" all decided to charge me based on fabricated, "uncorroborated "hearsay," all my charges were dismissed, causing "all" defendants mentioned herein to become liable for violating all my civil rights mentioned herein, and the injuries that resulted from their actions.